REVISED, October 22, 1999

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-30984

---

A. REMY FRANSEN, JR., and
EUGENIE B. FRANSEN,

          Plaintiffs-Appellants,

    versus

UNITED STATES OF AMERICA,

          Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana

---

October 1, 1999

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Today we examine the validity of Treasury Regulation § 1.469-2(f)(6). A. Remy Fransen, Jr. and Eugenie B. Fransen appeal the district court's judgment upholding the regulation as a valid interpretation of Internal Revenue Code § 469 and as applied to them. We AFFIRM.

I.

The essential facts are not disputed. During the 1995 tax year, the Fransens, a married couple, owned an undivided one-half

interest in a building.  The Fransens leased that building to a single tenant, Fransen & Hardin, a law firm organized as a "C" corporation.   Mr. Fransen was the sole shareholder of the corporation.

On their amended 1995 joint federal income tax return, the Fransens treated the rental income as passive activity income.  The Fransens also had substantial, unrelated passive activity losses.  Because § 469 of the Internal Revenue Code allows deductions for passive activity losses up to the amount of passive activity income, the Fransens' characterization of the rental income allowed them to maximize the amount of passive activity losses that they could deduct.

The IRS rejected the Fransens' treatment of their rental income and denied their request for a refund.  The Fransens sued for a refund, and the District Court granted summary judgment to the government.

## II.

The Fransens claim that the Treasury regulation relied upon by the government is invalid.  The disputed Treasury regulation is a legislative regulation.  As such, it must be upheld unless it is "arbitrary, capricious, or manifestly contrary to the statute." See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984); Dresser Indus., Inc. v. Commissioner, 911 F.2d 1128, 1137 (5th Cir. 1990).

The disputed regulation, called the "self-rental rule," provides as follows:

> An amount of the taxpayer's gross rental activity income for the taxable year from an item of property equal to the net rental activity income for the year from that item of property is treated as not from a passive activity if the property--(i) Is rented for use in a trade or business activity (within the meaning of paragraph (e)(2) of this section) in which the taxpayer materially participates (within the meaning of § 1.469-5T) for the taxable year; and (ii) Is not described in § 1.469-2T(f)(5).

Treas. Reg. § 1.469-2(f)(6) (1994). In essence, the regulation provides that when a taxpayer rents property to his own business, the income is not passive activity income.

The regulation stems from Internal Revenue Code § 469. Section 469(c) sets forth provisions which define passive activity as including rental activity. I.R.C. § 469(c)(2) (1999). Section 469(*l*)(3), however, authorizes the Secretary to promulgate regulations that treat passive activity as non-passive:

> The Secretary shall prescribe such regulations as may be necessary or appropriate to carry out provisions of [§ 469] including regulations -- (3) requiring net income or gain from a limited partnership or other passive activity to be treated as not from a passive activity.

I.R.C. § 469(*l*) (1999). The tax court has described the IRS's authority to regulate under § 469 as "broad." See Schwalbach v. Commissioner, 111 T.C. 215, 220 (1998).

Here, the parties dispute the scope of passive activity the IRS may treat as non-passive. The point of uncertainty lies with the word "other" in § 469(*l*)(3). The Fransens suggest that "other" refers to activity not elsewhere defined in § 469 as passive. Grammatically, however, the more persuasive reading of the provision is that a regulation may treat any kind of passive activity as non-passive. The phrase "or other" appears to refer

3

back to "limited partnership" and thus to include any passive activity other than a limited partnership.

The legislative history supports this view: it provides examples of situations in which the Secretary may treat activities defined as passive under § 469(c), including rental activity, as non-passive. The report includes these examples as illustrations rather than as an exclusive list. See H.R. CONF. REP. NO. 99-841, at 147 (1986), reprinted in 1986 U.S.C.C.A.N. 4075, 4235.

The Fransens suggest that the regulation defeats the statutory purpose of privileging rental income. The statute, however, does not seek to privilege rental income by generally classifying it as passive. Instead, the purpose animating the statute is to foreclose tax shelters. See STAFF OF THE JOINT COMM. ON TAXATION, GENERAL EXPLANATION OF THE TAX REFORM ACT OF 1986, 99th CONG., at 209-210 (J.Comm.Print 1987). In most cases, a classification of income as passive achieves this result. Tellingly, professional real estate lessors sought and obtained an exception from the passive designation in the 1993 amendments because a non-passive classification would be more favorable to them. See I.R.C. § 469(c)(7); Scott P. Greiner, The Real Estate Professional's Tax Relief Act of 1993, 23 COLO. LAW. 1317, 1318 (1994).

In some cases, however, the opposite is true: the treatment of income as passive may create a shelter opportunity. The inclusion of § 469(l) allows for such situations by granting the IRS the authority to treat income as non-passive. See H.R. CONF. REP. NO. 99-841, at 147 (1986), reprinted in 1986 U.S.C.C.A.N. 4075,

4

4235. Here, the IRS identified self-rentals as such a case and promulgated the regulation at issue.

We conclude that the regulation is a valid interpretation of § 469 under the Chevron standard. The IRS's interpretation of the statutory language is not "arbitrary or capricious." Moreover, the legislative history indicates that Congress envisioned the Secretary as redefining passive activity as non-passive. Finally, the stated purpose of the regulation is not manifestly contrary to the statute under Chevron.

### III.

The Fransens argue in the alternative that the regulation does not apply to them because the law firm is a C corporation, and because Mrs. Fransen is not a stockholder, officer, or employee of the corporation. These arguments are unpersuasive.

As to the type of corporation, the regulation does not limit itself to pass-through entities, and the Fransens do not explain why application of the regulation to a C corporation would be inconsistent with the intent of the statute. The tax court recently rejected a challenge to the self-rental rule as applied to C corporations; the court noted that the taxpayer, who rented his property to the C corporation of which he was the sole shareholder, was the "epitome" of a self-renting transaction. See Sidell v. Commissioner, T.C.M. 1999-301 (1999).

Regarding Mrs. Fransen, Treasury Regulation § 1.469-5T(f)(3) provides that participation by one spouse shall be treated as participation by the other spouse in the activity during the

5

taxable year.  Temp Treas. Reg. § 1.469-5T(f)(3).  This regulation is a reasonable interpretation of Internal Revenue Code § 469(h), which provides that "[i]n determining whether a taxpayer materially participates, the participation of the spouse of the taxpayer shall be taken into account."  § 469(h)(5).  Because Mrs. Fransen did participate in the business for tax purposes, the IRS could properly apply the regulation to her.

The Treasury regulation is a valid interpretation of Internal Revenue Code § 469 and was properly applied to the Fransens.

AFFIRMED.