T.C. Memo. 2004-99

UNITED STATES TAX COURT

CAL INTERIORS INCORPORATED, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 8052-01, 8053-01,      Filed April 7, 2004.
           10869-01, 10870-01.

Edward B. Simpson and John Gigounas, for petitioners.

Andrew R. Moore, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioners petitioned the Court to redetermine the following Federal income tax deficiencies and accuracy-related penalties under section 6662(a):

_____

[1] Cases of the following petitioners are consolidated herewith:  S & C Dent Corporation, docket No. 8053-01; Gary and Dolores Beecher, docket No. 10870-01.

Cal Interiors Inc., docket No. 8052-01

| Fiscal Year Ended | Deficiency | Sec. 6662(a) |
|---|---|---|
| April 30, 1997 | $43,156 | $8,631.20 |

S & C Dent Corp., docket No. 8053-01

| Fiscal Year Ended | Deficiency | Sec. 6662(a) |
|---|---|---|
| April 30, 1997 | $5,298 | $1,059.60 |

Cal Interiors Inc., docket No. 10869-01

| Fiscal Year Ended | Deficiency | Sec. 6662(a) |
|---|---|---|
| April 30, 1998 | $21,496 | $4,299.20 |
| April 30, 1999 | 17,837 | $3,567.40 |

Gary & Dolores Beecher, docket No. 10870-01

| Year | Deficiency | Sec. 6662(a) |
|---|---|---|
| 1997 | $150,774 | $30,154.80 |
| 1998 | 72,822 | 14,564.40 |
| 1999 | 63,961 | 12,792.20 |

The cases resulting from these petitions are now before us consolidated for purposes of trial, briefing, and opinion.

Following concessions by the parties, we are left to decide whether the recharacterization rule of section 1.469-2(f)(6), Income Tax Regs., is valid as applied to net income realized by Gary and Dolores Beecher (collectively, the Beechers) on the rental of space in their home to two wholly owned C corporations (collectively, the corporations); the Beechers materially participated in the business activities of the corporations. We hold that the recharacterization rule of the regulations is valid. Unless otherwise stated, section references are to the

applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Many facts were stipulated.  We incorporate herein by this reference the parties' stipulation of facts and the exhibits submitted therewith.  We find the stipulated facts accordingly. The Beechers are husband and wife, and they resided in Woodside, California, when their petition was filed with the Court.  The principal place of business of the other two petitioners (i.e., the corporations) also was in Woodside, California, when their petitions were filed.

Cal Interiors, Inc., is a C corporation wholly owned by Gary Beecher.  Its business is the repair of automobile interiors.  S & C Dent Corp. is a C corporation wholly owned by Dolores Beecher.  Its business is the removal of dents from automobiles.  Both of the Beechers work full time in the businesses of the corporations, and each corporation's business office (office) is located in the Beechers' home.  The corporations pay rent to the Beechers for use of the space in which the office is located.

On their 1997, 1998, and 1999 Federal income tax returns, the Beechers reported the income and expenses of six rental properties.  For the respective years, the net income of one of these properties; i.e., the office, was reported as $39,307,

$23,387, and $22,160.  Each of the other five rental properties reported a net loss such that the combined losses of the five properties in each year exceeded the net income from the office.

### OPINION

Respondent determined that the Beechers' net income from their rental of the office was nonpassive income under the recharacterization rule of section 1.469-2(f)(6), Income Tax Regs.,[2] because the Beechers materially participated in the business activity of the lessees; i.e., the corporations.  Thus, respondent determined, the net income from the office could not be offset by any of the losses from the other rental properties. Petitioners do not dispute respondent's determination that the recharacterization rule on its face treats the net income from the office as nonpassive.  Nor do they dispute respondent's determination that the recharacterization rule on its face, as applied to them, precludes them from offsetting the net income of

---

[2] The recharacterization rule of sec. 1.469-2(f)(6), Income Tax Regs., provides:

(f)(6) Property rented to a nonpassive activity. An amount of the taxpayer's gross rental activity income for the taxable year from an item of property equal to the net rental activity income for the year from that item of property is treated as not from a passive activity if the property--

(i) Is rented for use in a trade or business activity * * * in which the taxpayer materially participates (within the meaning of sec. 1.469-5T) for the taxable year; * * *

the office by the net losses from the other rental properties. Petitioners' sole argument is that the recharacterization rule is invalid for two reasons.  First, petitioners assert, the recharacterization rule is arbitrary, capricious, and contrary to the statute.  Second, petitioners assert, the recharacterization rule improperly negates their "bona fide business purpose" for renting the office to the corporations.

We disagree with petitioners' argument that the recharacterization rule is invalid.  As to the first assertion, petitioners note correctly that this Court has declared the recharacterization rule valid.  See Krukowski v. Commissioner, 114 T.C. 366 (2000) (Court-reviewed),[3] affd. 279 F.3d 547 (7th Cir. 2002); Schwalbach v. Commissioner, 111 T.C. 215 (1998); Shaw v. Commissioner, T.C. Memo. 2002-35; Sidell v. Commissioner, T.C. Memo. 1999-301, affd. 225 F.3d 103 (1st Cir. 2000); Connor v. Commissioner, T.C. Memo. 1999-185, affd. 218 F.3d 733 (7th Cir. 2000).  Petitioners also note correctly that so have three Courts

---

[3] Although the Court in Krukowski v. Commissioner, 114 T.C. 366 (2000), affd. 279 F.3d 547 (7th Cir. 2002), was split as to whether the taxpayers qualified under sec. 1.469-11(b)(1), Income Tax Regs., for transitional relief from application of the recharacterization rule, id. at 376 (Beghe, J., concurring in part and dissenting in part), the Court held unanimously that the recharacterization rule is a valid regulation, id.  Here, petitioners challenge only the validity of the recharacterization rule.  Because their years in issue are 1997, 1998, and 1999, they make no claim to transitional relief under sec. 1.469-11(b)(1), Income Tax Regs.  Only taxable years beginning before Oct. 4, 1994, qualify for transitional relief under that section.  Id.

of Appeals, namely, the First, Fifth, and Seventh.  See Krukowski
v. Commissioner, 279 F.3d 547 (7th Cir. 2002), affg. 114 T.C. 366
(2000); Sidell v. Commissioner, 225 F.3d 103 (1st Cir. 2000),
affg. T.C. Memo. 1999-301; Connor v. Commissioner, 218 F.3d 733
(7th Cir. 2000), affg. T.C. Memo. 1999-185; Fransen v. United
States, 191 F.3d 599 (5th Cir. 1999).  According to petitioners,
all of these cases were wrongly decided for the reasons argued by
the taxpayers there.  We disagree.  Given the detailed and
exhaustive analysis set forth in those cases in rejection of the
arguments made by the taxpayers there, we see no need to repeat
that analysis herein.  Suffice it to say that the
recharacterization rule of section 1.469-2(f)(6), Income Tax
Regs., is a legislative regulation that was properly promulgated
by the Secretary pursuant in part to the specific grant of
authority stated in section 469(l) that allows him to prescribe
all necessary or appropriate regulations to carry out the
provisions of section 469, including regulations:  (1) Defining
the terms "activity" and "material participation", sec.
469(l)(1), and (2) "requiring net income or gain from a * * *
passive activity to be treated as not from a passive activity",
sec. 469(l)(3).

We also disagree with petitioners' second assertion.  First,
from a factual point of view, we are unable to agree with
petitioners that the instant case is distinguishable from the

cases cited above. Whereas petitioners state on brief that here, unlike there, "it is crystal clear that the rental activity was not contrived as a tax shelter", they have directed us to no evidence in support of that statement. Nor have they directed us to any evidence to support their related statement on brief that the rental of the office served a bona fide business purpose in that "It was reasonable that Cal Interiors and [S&C] Dent should pay a fair rental for the [office] space", given that the Beecher's [sic] spent their personal funds to construct office space". Contrary to petitioners' belief, the taxpayers in those other cases also presumably used their personal funds to purchase the property that was the subject of the rentals there.

Moreover, from a legal point of view, we read nothing in the statute or in the legislative history thereunder that would require the Secretary to condition the recharacterization rule on the absence of a bona fide purpose for a "self-rental" such as we have here. In fact, we and the Courts of Appeals that have considered the validity of the recharacterization rule have read the statute and the underlying legislative history to support a contrary conclusion that the Secretary was authorized by Congress to apply the recharacterization rule to all self-rentals in which there is material participation by the taxpayer. As we stated in Krukowski v. Commissioner, supra at 369-370:

> The [recharacterization] rule is tied directly to the
> following passage set forth by the conferees in their

report as to the Secretary's regulatory authority under section 469:

> Regulatory authority of Treasury in defining non-passive income.--The conferees believe that clarification is desirable regarding the regulatory authority provided to the Treasury with regard to the definition of income that is treated as portfolio income or as otherwise not arising from a passive activity.  The conferees intend that this authority be exercised to protect the underlying purpose of the passive loss provision, i.e., preventing the sheltering of positive income sources through the use of tax losses derived from passive business activities.

> Examples where the exercise of such authority may (if the Secretary so determines) be appropriate include the following * * * (2) related party leases or sub-leases, with respect to property used in a business activity, that have the effect of reducing active business income and creating passive income * * *. [H. Conf. Rept. 99-841 (Vol. II), at II-147, 1986-3 C.B. (Vol.4) 1, 147.]

As the Court of Appeals for the First Circuit stated in Sidell v. Commissioner, 225 F.3d at 107:

> The authority given to the Secretary, as illustrated by the statutory text, is quite broad.  The statute empowers him to promulgate any regulations that he deems "necessary or appropriate" to further the goals of section 469.  Importantly, this includes the explicit power to treat what normally would be passive income as nonpassive if he believes that such a shift is warranted.

As the Court of Appeals for the Fifth Circuit stated in Fransen v. United States, supra at 600-601:

> Here, the parties dispute the scope of passive activity the IRS may treat as non-passive.  The point of uncertainty lies with the word "other" in § 469(l)(3).  The Fransens suggest that "other" refers to activity not elsewhere defined in § 469 as passive. Grammatically, however, the more persuasive reading of the provision is that a regulation may treat any kind

of passive activity as non-passive. The phrase "or other" appears to refer back to "limited partnership" and thus to include any passive activity other than a limited partnership.

The legislative history supports this view: it provides examples of situations in which the Secretary may treat activities defined as passive under § 469(c), including rental activity, as non-passive. The report includes these examples as illustrations rather than as an exclusive list. See H.R. Conf. Rep. No. 99-841, at 147 (1986), reprinted in 1986 U.S.C.C.A.N. 4075, 4235.

The Fransens suggest that the regulation defeats the statutory purpose of privileging rental income. The statute, however, does not seek to privilege rental income by generally classifying it as passive. Instead, the purpose animating the statute is to foreclose tax shelters. See STAFF OF THE JOINT COMM. ON TAXATION, GENERAL EXPLANATION OF THE TAX REFORM ACT OF 1986, 99th CONG., at 209-210 (J. Comm. Print 1987). In most cases, a classification of income as passive achieves this result. Tellingly, professional real estate lessors sought and obtained an exception from the passive designation in the 1993 amendments because a non-passive classification would be more favorable to them. See I.R.C. § 469(c)(7); Scott P. Greiner, The Real Estate Professional's Tax Relief Act of 1993, 23 COLO. LAW. 1317, 1318 (1994).

In some cases, however, the opposite is true: the treatment of income as passive may create a shelter opportunity. The inclusion of § 469(l) allows for such situations by granting the IRS the authority to treat income as non-passive. See H.R. Conf. Rep. No. 99-841, at 147 (1986), reprinted in 1986 U.S.C.C.A.N. 4075, 4235. Here, the IRS identified self-rentals as such a case and promulgated the regulation at issue.

See also Connor v. Commissioner, 218 F.3d at 738 ("the purpose of the passive activity loss regulations * * * is to assess accurately whether a taxpayer is involved in the active management of a trade or business in such a fashion that passive activity treatment would be inaccurate"). Although petitioners

observe correctly that both the legislature and the judiciary have referred to the combating of "tax shelters" as one of the reasons for the enactment of section 469, we, unlike petitioners, do not read that term to require a finding of a specific intent to reduce taxes.  Instead, we read that term plainly in the context of the setting at hand to include any transaction that, but for the recharacterization rule, would allow taxpayers to use passive losses to offset rental income received from a wholly owned business in which they actively participate.

We hold once again that the recharacterization rule is valid.  In so doing, we have considered all of petitioners' arguments for a contrary holding and, to the extent not discussed above, find those arguments to be without merit or irrelevant. To reflect the foregoing,

<u>An appropriate order will be issued</u>.