NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL J. ROGERSON, | No.  22-70209 |
| Petitioner-Appellant, | IRS No.  5848-20 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

On Petition for Review of an Order of the
United States Tax Court

Argued and Submitted November 8, 2023
Pasadena, California

Before:  WALLACE, W. FLETCHER, and OWENS, Circuit Judges.

Michael Rogerson appeals from the tax court's denial of his petition, and

motion for reconsideration, to overturn the Commissioner of Internal Revenue's

("Commissioner") determination that Rogerson's federal income taxes for 2014,

2015, and 2016 were deficient under section 469 of the Internal Revenue Code.[1]

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1]      The Internal Revenue Code is codified at Title 26 of the United States
Code, and the attendant Treasury Regulations are codified at Title 26 of the Code
of Federal Regulations.  We cite to the "I.R.C." and "Treas. Reg.," respectively.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a).

"[U]nderlying factual determinations are reviewed for clear error, but the correctness of the legal standards applied by the Tax Court, and the application of the legal standards to the facts found, are reviewed *de novo*." *Sacks v. Comm'r*, 69 F.3d 982, 986 (9th Cir. 1995); *see also Reddam v. Comm'r*, 755 F.3d 1051, 1059 (9th Cir. 2014).

As the parties are familiar with the factual and procedural history of this case, we need not recount it here. We affirm.

1. The tax court did not err in finding that Rogerson materially participated in Rogerson Aircraft Equipment Group ("RAEG") in 2014, 2015, and 2016 under I.R.C. § 469(h)(1). "Congress enacted Section 469 of the Internal Revenue Code to prevent taxpayers from applying losses from rental properties and other passive business activities to offset and shelter non-passive income, such as wages." *Beecher v. Comm'r*, 481 F.3d 717, 721 (9th Cir. 2007). Generally, "[t]he term 'passive activity' means any activity—(A) which involves the conduct of any trade or business, and (B) in which the taxpayer does not materially participate." I.R.C. § 469(c)(1). A taxpayer's participation in an activity is "material" if his involvement in the operations of the activity is regular, continuous, and substantial. *Id.* § 469(h)(1).

The tax court made extensive factual findings regarding Rogerson's activity as Chief Executive Officer of RAEG during the relevant years. Based on the undisputed factual record of Rogerson's involvement in RAEG, the tax court found that Rogerson materially participated in RAEG in 2014, 2015, and 2016 under I.R.C. § 469(h)(1). Rogerson's primary rebuttal to the tax court's finding is that RAEG "did not require much of [Rogerson's] time." However, the tax court rejected this argument in its reasoning:

> Mr. Rogerson's ability to respond to detailed inquiries so quickly shows his detailed knowledge of every aspect of the business. Indeed, many of Mr. Rogerson's communications reflect first-hand experience with RAEG's employees, customers, and products that extends far beyond what could have been acquired by a passive investor.

Moreover, I.R.C. § 469(h) does not impose a minimal-hours requirement to find that a taxpayer's participation is material, only that the participation be regular, continuous, and substantial. "Under the clearly erroneous standard, if the tax court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Wolf v. Comm'r*, 4 F.3d 709, 712–13 (9th Cir. 1993) (cleaned up). Accordingly, we affirm the tax court's finding that Rogerson

materially participated in RAEG for 2014, 2015, and 2016 under I.R.C. § 469(h)(1).[2]

2. The tax court did not err in concluding that Rogerson's activity related to his two yachts was a rental activity under I.R.C. § 469 and Temp. Treas. Reg. § 1.469-1T(e)(3)(i). I.R.C. § 469(c)(2) provides that "the term 'passive activity' includes any rental activity."[3] In turn, "[t]he term 'rental activity' means any activity where payments are principally for the use of tangible property." I.R.C. § 469(j)(8).

The temporary regulations have added that an activity is generally a "rental activity" when "tangible property held in connection with the activity is used by customers or held for use by customers" and the gross income (or expected gross income) attributable to the activity represents "amounts paid or to be paid principally for the use of such tangible property." Temp. Treas. Reg. § 1.469-

---

[2] Since we affirm the tax court's finding that Rogerson materially participated in RAEG based on the text of I.R.C. § 469, we do not reach Rogerson's additional arguments regarding the validity, constitutionality, or the tax court's application of the 1988 temporary regulations, Temp. Treas. Reg. § 1.469-5T(a), which were not dispositive to the tax court's ruling. *See Fireman's Fund Ins. Co. v. Int'l Mkt. Place*, 773 F.2d 1068, 1070 (9th Cir. 1985) ("[A]n appellate court typically will address only those arguments that are necessary to reach its result.").

[3] Section 469(c)(2) references an exception for real estate rental activity not at issue here. *See* I.R.C. § 469(c)(7).

4

1T(e)(3)(i). The subsequent provision outlines several exceptions related to short-term rentals. *Id.* § 1.469-1T(e)(3)(ii).

The tax court found Rogerson's challenge to the validity of Temp. Treas. Reg. §1.469-1T untimely because he raised it for the first time in his motion for reconsideration. Similarly, we hold that Rogerson waived his challenge to the validity of Temp. Treas. Reg. § 1.469-1T by failing to raise it until after trial and an opinion on the merits. *See Ramona Equip. Rental, Inc. ex rel. U.S. v. Carolina Cas. Ins. Co.*, 755 F.3d 1063, 1070 (9th Cir. 2014) (holding an argument first raised in a post-judgment motion waived); *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 841 (9th Cir. 1995) (per curiam) (same). Furthermore, as the tax court acknowledged in its denial of the motion for reconsideration, "without the temporary regulations in the picture, Mr. Rogerson's yacht activity would be covered by the general rule of the statute [I.R.C. § 469(j)(8)] and not be subject to any exception."

Rogerson next argues that the tax court applied the temporary regulation's general provision, Temp. Treas. Reg. § 1.469-1T(e)(3)(i), and the short-term rental exceptions, *id.* § 1.469-1T(e)(3)(ii), inconsistently. Specifically, Rogerson contends that the tax court erred in determining that the yachts were a rental activity under the *general provision* based on Rogerson's *plan to charter* them but

5

considered *actual charter activity* (or lack thereof) to determine that neither short-term rental *exception* applied.

The tax court's application of the temporary regulation tracks the regulation's language. The general provision's definition of rental activity includes the holding of tangible property for future use by customers but, as the exceptions are written, actual activity, not intention, is relevant to their applicability. *Compare* Temp. Treas. Reg. § 1.469-1T(e)(3)(i)(A)–(B) ("[A]n activity is a rental activity . . . if . . . tangible property held in connection with the activity is . . . *held* for use by customers . . . [and] *expected* gross income from the conduct of the activity will represent[] amounts paid or to be paid principally for the use of such tangible property[.]" (emphasis added)) *with id.* § 1.469-1T(e)(3)(ii)(A)–(B) ("[A]n activity involving the use of tangible property is not a rental activity . . . if . . . (A) The average period of customer use for such property is seven days or less; (B) The average period of customer use for such property is 30 days or less, and significant personal services . . . are provided by or on behalf of the owner of the property in connection with making the property available for use by customers[.]"). As the tax court held, "[w]ithout any customer use, it is impossible to establish (as required by the regulations) the average period of customer use for the yachts."

6

We hold that Rogerson's argument that the yacht activity was not a rental activity as defined by I.R.C. § 469(j)(8) because it was not "principally" for the use of tangible property waived. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004), *as amended* (Aug. 9, 2004) ("In general, we do not consider an issue raised for the first time on appeal.").[4] Furthermore, the record on this issue is undeveloped as Rogerson requested no findings of facts or produced any evidence about the kinds of services that crew members could or would provide to customers. *Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019) (holding that an argument was "inappropriate to review" where "the record is undeveloped").

**AFFIRMED.**

---

[4] Although we have discretion to hear previously unconsidered arguments under three recognized exceptions, none are applicable here. *See Cold Mountain*, 375 F.3d at 891 (recognizing three exceptions: (1) review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process; (2) when a new issue arises while appeal is pending because of a change in the law; or (3) the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed).