T.C. Memo. 2015-76

UNITED STATES TAX COURT

LARRY WILLIAMS AND DORA WILLIAMS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23883-12.                    Filed April 16, 2015.

David Palmer Leeper, for petitioners.

Brock E. Whalen and Daniel N. Price, for respondent.

MEMORANDUM OPINION

NEGA, Judge:  Respondent determined deficiencies in petitioners' income

tax for tax years 2009 and 2010 of $8,712 and $17,610, respectively.[1]  Petitioners

were married and resided in El Paso, Texas, at the time they filed their petition.

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to
the nearest dollar.

[*2]    This case was submitted fully stipulated under Rule 122.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.  The stipulation disposes of one of the issues before the Court, namely, that petitioners received but did not report retirement income totaling $13,656 for tax year 2010, that this income is includable in petitioners' gross income for tax year 2010, and further, that this income is subject to the additional tax under section 72(t).  The Court considers petitioners to have conceded this issue and will not discuss the retirement income issue further in this report.

Following the parties' stipulations, the only issue remaining for the Court to decide is whether income petitioners received through an S corporation in tax years 2009 and 2010 should be recharacterized from passive to nonpassive pursuant to section 1.469-2(f)(6), Income Tax Regs.

## Background

This case was submitted on the pleadings and stipulated facts under Rule 122.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.

During the years in issue petitioners owned 100% of BEK Real Estate Holdings, LLC, an S corporation (BEK Real Estate), and 100% of BEK Medical, Inc., a C corporation (BEK Medical).  Petitioner husband worked full time for

**[\*3]** BEK Medical during the years in issue and materially participated in its trade or business activities for purposes of section 469. Petitioners did not materially participate in the activities of BEK Real Estate or the rental of commercial real estate to BEK Medical during 2009 and 2010. During 2009 and 2010 petitioners were not engaged in a "real property trade or business" as described in section 469(c)(7)(B) and (C).

In 2009 and 2010 BEK Real Estate leased to BEK Medical commercial real estate which BEK Medical used in its trade or business activities. BEK Real Estate had net rental income of $53,285 and $48,657 in 2009 and 2010, respectively, from the rental of commercial real estate to BEK Medical in those years. Petitioners reported these amounts as passive income on Schedules E, Supplemental Income and Loss, attached to their Federal income tax returns for 2009 and 2010. Petitioners offset these amounts with passive losses from other S corporations, partnerships, and personally owned rental properties.

In the notice of deficiency respondent reclassified BEK Real Estate's rental income as nonpassive income pursuant to section 1.469-2(f)(6), Income Tax Regs., and disallowed petitioners' passive losses that were claimed in excess of their adjusted passive income for tax years 2009 and 2010.

**[*4]**                              Discussion

I.      Burden of Proof

Because there are no facts to be found, only issues of law as applied to

undisputed facts, it is unnecessary to assign burden of proof in this case. See, e.g.,

Dirico v. Commissioner, 139 T.C. 396, 402 (2012).

II.     Applicable Law

A.      General Principles

Section 469(a), (b), and (g) generally suspends the passive activity losses of

an individual taxpayer until the taxpayer either has offsetting passive income or

disposes of the taxpayer's entire interest in the passive activity. A "passive

activity" is any activity involving the conduct of a trade or business in which the

taxpayer does not materially participate. Sec. 469(c)(1). With certain exceptions,

the term "passive activity" includes any rental activity, regardless of the level of a

taxpayer's material participation in such activity. Sec. 469(c)(2), (4); Carlos v.

Commissioner, 123 T.C. 275, 278 (2004). Section 469(l) grants the Commissioner

the authority to prescribe regulations that "specify what constitutes an activity,

material participation, or active participation" for purposes of section 469. The

Commissioner prescribed section 1.469-4(a), Income Tax Regs., pursuant to his

"broad regulatory authority that Congress delegated to him through sections 469(l)

**[*5]** and 7805, T.D. 8565, 1994-2 C.B. 81, 83". Schwalbach v. Commissioner, 111 T.C. 215, 221 (1998). Section 1.469-4(a), Income Tax Regs., specifies that a taxpayer's "activities" include those conducted through an S corporation.

An eligible small business that elects S corporation status is generally exempt from corporate taxation. Sec. 1363(a). Instead, the shareholders of an S corporation report pro rata shares of the S corporation's taxable income, losses, deductions, and credits. Sec. 1366(a)(1)(A); sec. 1.1366-1(a), Income Tax Regs. With certain exceptions, the taxable income of an S corporation is computed in the same manner as in the case of an individual, and items of S corporation income retain their character for each shareholder. Secs. 1363(b), 1366(b). Thus S corporations are passthrough entities and, like partnerships, do not directly pay tax on items of income but rather pass items of income through to each shareholder.

B.      Recharacterization of Passive Income

In certain situations, a taxpayer must treat income from passive activities as income from nonpassive activities. Sec. 1.469-2(f)(6), Income Tax Regs.; sec. 1.469-2T(f), Temporary Income Tax Regs., 53 Fed. Reg. 5721 (Feb. 25, 1988). Specifically, section 1.469-2(f)(6), Income Tax Regs., generally recharacterizes as nonpassive the net rental activity income from an item of property if the property is rented for use in a trade or business activity in which the taxpayer materially

**[\*6]** participates. Section 1.469-2(f)(6), Income Tax Regs., is commonly referred to as the "self-rental rule" or "recharacterization rule". See, e.g., Dirico v. Commissioner, 139 T.C. at 404; Veriha v. Commissioner, 139 T.C. 45, 46 (2012). The Court noted in Dirico that section 1.469-2(f)(6), Income Tax Regs., has been "upheld repeatedly" by this Court and others. Dirico v. Commissioner, 139 T.C. at 404 n.5 (citing Krukowski v. Commissioner, 279 F.3d 547, 552 (7th Cir. 2002), aff'g 114 T.C. 366 (2000), Sidell v. Commissioner, 225 F.3d 103, 107-108 (1st Cir. 2000), aff'g T.C. Memo. 1999-301, Fransen v. United States, 191 F.3d 599, 601 (5th Cir. 1999), and Shaw v. Commissioner, T.C. Memo. 2002-35).

III.    Summary of Parties' Arguments

Respondent argues that during 2009 and 2010 petitioners received income through BEK Real Estate from property that was rented to BEK Medical, in which petitioner husband materially participated.[2]  Therefore, petitioners have satisfied the two components of section 1.469-2(f)(6)(i), Income Tax Regs., that (1) the property was rented for use in BEK Medical's trade or business activity, and (2) petitioner husband materially participated in that trade or business activity.  In accordance with this determination, respondent recharacterized the rental income

---

[2]Petitioner wife is also treated as materially participating in BEK Medical pursuant to sec. 469(h)(5) and sec. 1.469-5T(f)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988).

**[*7]** from BEK Real Estate as nonpassive income and disallowed the portion of petitioners' passive losses that exceeded their passive income.

Petitioners make two counterarguments. First, petitioners argue that section 469 does not, on its face, apply to S corporations, and consequently, section 1.469-4(a), Income Tax Regs., defining a taxpayer's activities to include those conducted through an S corporation, "is contrary to the statutory instructions given by Congress when it enacted section 469". Petitioners cite Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984), for their contention that section 1.469-4(a), Income Tax Regs., is invalid. Second, petitioners argue that section 1.469-2(f)(6), Income Tax Regs., does not apply since the lessor, BEK Real Estate, did not materially participate in the trade or business of the lessee, BEK Medical.

IV.    Analysis and Conclusions

A.    Section 469 and Section 1.469-4(a), Income Tax Regs.

We note that petitioners first raised the validity of section 1.469-4(a), Income Tax Regs., in their opening brief. Generally, issues that are raised for the first time on brief will not be considered by the Court when doing so would surprise or prejudice the opposing party. DiLeo v. Commissioner, 96 T.C. 858, 891-892 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992); Markwardt v. Commissioner,

**[\*8]** 64 T.C. 989, 997 (1975); Estate of Horvath v. Commissioner, 59 T.C. 551, 555 (1973). Prejudice or surprise arises when the opposing party would be prevented from presenting evidence that might have been offered if the issue had been timely raised. DiLeo v. Commissioner, 96 T.C. at 891; Estate of Horvath v. Commissioner, 59 T.C. at 555-556. We do not think respondent is prejudiced or surprised here because the parties' disagreement is over the validity of section 1.469-4(a), Income Tax Regs., rather than any factual dispute which could be resolved through the presentation of evidence. See, e.g., Ware v. Commissioner, 92 T.C. 1267, 1268-1269 (1989) ("The rule that a party may not raise a new issue on brief is not absolute. Rather, it is founded upon the exercise of judicial discretion in determining whether considerations of surprise and prejudice require that a party be protected from having to face a belated confrontation which precludes or limits that party's opportunity to present pertinent evidence."); Estate of Lassiter v. Commissioner, T.C. Memo. 2000-324. Accordingly, we decline to rest our disposition of this issue on procedural grounds alone, and we proceed to consider the merits of the parties' arguments on this issue.

Petitioners are correct that section 469 does not specifically refer to S corporations as within the class of persons to whom it applies. Section 469(b)(2) enumerates individuals, estates, trusts, closely held C corporations, and personal

**[\*9]** service corporations as the taxpayers for whom passive activity losses are suspended. However, we agree with respondent that section 469 nonetheless applies to petitioners' S corporation activity in determining the character of income petitioners received from BEK Real Estate.

Since S corporations and other passthrough entities do not pay tax, section 469 need not identify them as "taxpayers" to whom it applies, because the individual shareholders of an S corporation are the taxpayers to whom section 469 applies. The Court has previously recognized that income and losses from passthrough entities are subject to section 469, even though passthrough entities are not specifically included in the list of "taxpayers" to whom section 469 is applicable. See, e.g., Harnett v. Commissioner, T.C. Memo. 2011-191 (applying section 469 to losses attributable to rental properties owned by an S corporation), aff'd, 496 Fed. Appx. 963 (11th Cir. 2012); Dunn v. Commissioner, T.C. Memo. 2010-198 (analyzing the grouping rules of section 469 with respect to various entities, including an S corporation); Shaw v. Commissioner, T.C. Memo. 2002-35 (applying section 469 and section 1.469-2(f)(6), Income Tax Regs., in various contexts, including the context of property leased by an S corporation); Sidell v. Commissioner, T.C. Memo. 1999-301 (holding income received via grantor trusts and reported as a passthrough item on taxpayers' Federal income tax returns was

[*10] subject to section 469). The law is well settled in this area, and in numerous cases the Court has applied the passive loss limitations of section 469 to individuals who receive income from passthrough entities. Thus, section 469 applies to petitioners, who conducted real estate activities through their S corporation, BEK Real Estate.

In addition, section 1.469-4(a), Income Tax Regs., is a valid interpretation of "activity" as used in section 469, a matter we considered at length in Schwalbach v. Commissioner, 111 T.C. 215. Schwalbach involved a challenge to sections 1.469-4(a) and 1.469-2(f)(6), Income Tax Regs., the same regulations at issue in this case. The taxpayers argued that the recharacterization rule of section 1.469-2(f)(6), Income Tax Regs., was invalid because the Secretary did not comply with the Administrative Procedure Act (APA) when he prescribed section 1.469-4(a), Income Tax Regs. The Court concluded that the requirements of the APA had been met, and in so doing, conducted an extensive analysis of various regulations prescribed under section 469. We concluded that "[t]he linchpin of section 469 is the determination of each activity in which a taxpayer participates, and Congress delegated to the Commissioner the responsibility of prescribing the meaning of the word 'activity'". Schwalbach v. Commissioner, 111 T.C. at 223. In accordance with our discussion in Schwalbach, section 1.469-4(a), Income Tax

**[\*11]** Regs., does not violate the principles laid out in <u>Chevron</u> because it is not arbitrary, capricious, or manifestly contrary to section 469. <u>Chevron</u> 467 U.S. at 844. We hold that petitioners' BEK Real Estate rental activity is subject to the passive activity rules of section 469.

       B.     <u>Section 1.469-2(f)(6), Income Tax Regs.</u>

Section 1.469-2(f)(6), Income Tax Regs., requires that: (1) property be rented for use in a trade or business and (2) the taxpayer materially participate in the trade or business. The first requirement is clearly met because the property owned by BEK Real Estate was rented to BEK Medical for use in its trade or business. Petitioners admit that petitioner husband materially participated in BEK Medical's trade or business but argue that the recharacterization rule is inapplicable because BEK Real Estate, as the lessor, did not participate in the trade or business of the lessee, BEK Medical. Section 1.469-2(f)(6), Income Tax Regs., does not contain the words "lessor" or "lessee", but petitioners cite <u>Dirico v. Commissioner</u>, 139 T.C. at 404, in which the Court phrased the second prong of the recharacterization rule as "the lessor-taxpayer must materially participate in the trade or business." Petitioners seem to understand the use of the term "lessor-taxpayer" in <u>Dirico</u> as adding a requirement to section 1.469-2(f)(6), Income Tax Regs. We disagree. The Court was merely stating the requirements of the self-

[*12] rental rule in the context of the facts specific to that case. The Court did not add a requirement to section 1.469-2(f)(6), Income Tax Regs., which clearly states that "the taxpayer" must materially participate in the trade or business.

We find no authority in the plain language of section 1.469-2(f)(6), Income Tax Regs., to support petitioners' argument that the lessor, as a legally distinct passthrough entity, must participate in the trade or business of the lessee. Petitioners, as individual taxpayers subject to the requirements of section 469, received passthrough income in 2009 and 2010 from property that was rented for use in a trade or business in which petitioner husband materially participated. Accordingly, the requirements of section 1.469-2(f)(6), Income Tax Regs., have been met, and the income petitioners received from the rental of property by BEK Real Estate to BEK Medical must be recharacterized as nonpassive income, which they may not offset with passive losses. See, e.g., Shaw v. Commissioner, T.C. Memo. 2002-35 (stating that taxpayer "controlled both sides of the rental transactions" for various leases, including one in which his business rented property from an S corporation of which he was the sole shareholder); Sidell v. Commissioner, T.C. Memo. 1999-301 (stating that taxpayer's rental of properties through grantor trusts of which he was the sole beneficiary to a wholly owned C

**[*13]** corporation was the "epitome of a self-renting transaction" because he was "in effect both the lessor and lessee of the properties").

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.