# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60341

LARRY WILLIAMS; DORA WILLIAMS,

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2016

Lyle W. Cayce
Clerk

Appeals from the Decision
of the United States Tax Court
(23883-12)

Before STEWART, Chief Judge, and REAVLEY and DAVIS, Circuit Judges.

PER CURIAM:*

Petitioners-Appellants Larry Williams and Dora Williams ("Petitioners") appeal the decision of the United States Tax Court which, based on stipulated facts, determined deficiencies totaling $26,322 in their income tax for tax years 2009 and 2010 in favor of Respondent-Appellee, the Commissioner of Internal Revenue ("Commissioner"). We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60341

## I. Applicable Law

This dispute concerns whether the Petitioners may characterize certain income as arising from a "passive activity" under Internal Revenue Code § 469 and an associated regulation, Treasury Regulation § 1.469—2(f)(6).[1]  In general, the Internal Revenue Code treats earned income (such as a salary) differently from passive activity income (including many types of rental income). This distinction is important because § 469 only allows the taxpayer to deduct "passive activity losses up to the amount of passive activity income,"[2] i.e., the taxpayer may not deduct passive activity losses from earned income. Thus, to gain any benefit from passive activity losses, a taxpayer must have passive activity income under § 469.[3]

Section 469(c)(1) defines "passive activity" as "any activity--(A) which involves the conduct of any trade or business, and (B) in which the taxpayer does not materially participate." Section 469(c)(2) provides that, with certain specified exceptions, "the term 'passive activity' includes any rental activity." Relevant to this appeal, § 469(*l*) expressly requires the Secretary to "prescribe such regulations as may be necessary or appropriate to carry out provisions of this section, including regulations . . . (3) requiring net income or gain from a limited partnership or other passive activity to be treated as not from a passive activity." One such regulation is Treasury Regulation § 1.469—2(f)(6), the so-called "self-rental rule,"[4] which provides:

> (f)(6) **Property rented to a nonpassive activity.** An amount of the taxpayer's gross rental activity income for the taxable year from an item of property equal to the net rental activity income for

---

[1] Unless otherwise noted, all references to sections of the Internal Revenue Code or Treasury Regulations are to the versions in effect during tax years 2009 and 2010.

[2] *Fransen v. United States*, 191 F.3d 599, 600 (5th Cir. 1999).

[3] Relevant to this appeal, section 469 never specifically defines the term "taxpayer" to either include or exclude an S corporation.

[4] *Fransen*, 191 F.3d at 600.

2

No. 15-60341

the year from that item of property is treated as not from a passive activity if the property—

> (i) Is rented for use in a trade or business activity (within the meaning of paragraph (e)(2) of this section) in which the taxpayer materially participates (within the meaning of § 1.469–5T) for the taxable year; and

> (ii) Is not described in § 1.469–2T(f)(5).[5]

"In essence, the regulation provides that when a taxpayer rents property to his own business, the income is not passive activity income."[6] This circuit has held that Treasury Regulation § 1.469-2(f)(6) is valid because it is not "arbitrary, capricious, or manifestly contrary to the statute."[7] Against this legal backdrop we turn to the facts.

## II. Stipulated Facts and Procedural History

As noted above, the parties stipulated the facts before the Tax Court, and neither party disputes those facts on appeal.[8] During the relevant tax years, the Petitioners, who were married at the time, owned 100% of two companies: BEK Real Estate Holdings, LLC ("BEK Real Estate"), an S corporation; and BEK Medical, Inc. ("BEK Medical"), a C corporation. During that time, Petitioner Larry Williams worked full time for BEK Medical and materially participated in the trade or business activities of BEK Medical for purposes of § 469. However, neither of the Petitioners materially participated in the activities of BEK Real Estate (including the rental of commercial real estate to BEK Medical) or otherwise engaged in a "real property trade or business" under § 469.

---

[5] Treas. Reg. § 1.469-2(f)(6).

[6] *Fransen*, 191 F.3d at 600.

[7] *Id.* (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Defense Council, Inc.*, 467 U.S. 837, 844 (1984)).

[8] The facts set out by the Tax Court in *Williams v. C.I.R.*, 109 T.C.M. (CCH) 1398 (T.C. 2015).

3

No. 15-60341

In 2009 and 2010 BEK Real Estate leased to BEK Medical commercial real estate which BEK Medical used in its trade or business activities. BEK Real Estate had net rental income of $53,285 and $48,657 in 2009 and 2010, respectively, from the rental of commercial real estate to BEK Medical in those years. Petitioners reported these amounts as passive income on Schedules E, Supplemental Income and Loss, attached to their Federal income tax returns for 2009 and 2010. Petitioners offset these amounts with passive losses from other S corporations, partnerships, and personally owned rental properties.

In the notice of deficiency respondent reclassified BEK Real Estate's rental income as nonpassive income pursuant to section 1.469–2(f)(6), Income Tax Regs., and disallowed petitioners' passive losses that were claimed in excess of their adjusted passive income for tax years 2009 and 2010.[9]

In other words, the IRS's conclusion that BEK Real Estate's lease of commercial real estate to BEK Medical fell under the self-rental rule carried a few relevant consequences: (a) that the Petitioners' rental income was deemed nonpassive; (b) the Petitioners could not deduct from it any of their passive activity losses; and (c) they owed income tax on it, in the amounts of $8,712 and $17,610 for tax years 2009 and 2010, respectively.

The Petitioners challenged the deficiencies assessed by the IRS, raising two arguments. First, they argued that because § 469 does not define "taxpayer" to include S corporations, the Secretary lacked the authority to define "taxpayer" to include S corporations in the associated regulations. Second, they argued that the self-rental rule set out in Treasury Regulation § 1.469—2(f)(6) "does not apply since the lessor, BEK Real Estate, did not materially participate in the trade or business of the lessee, BEK Medical."[10]

---

[9] *Id.*
[10] *Id.*

4

No. 15-60341

The Tax Court rejected both of those arguments for reasons summarized below and entered a decision in favor of the Commissioner.

### III. Analysis

The facts were stipulated, so we accept them as true. We review de novo the Tax Court's determination as to the validity of the regulations associated with § 469.[11] We also review de novo the Tax Court's legal interpretation of the self-rental rule.[12] Following independent de novo review, we conclude the Tax Court reached the right result essentially for the right reasons.

### A. An S Corporation Is Not A "Taxpayer" Here.

As the Tax Court acknowledged, § 469 does not refer to S corporations at all. The statute specifically applies to "taxpayers" who are individuals, estates, trusts, closely held C corporations, and personal service corporations.[13] An associated regulation defining certain passive activities, including rental activities, specifies:

> This section sets forth the rules for grouping a taxpayer's trade or business activities and rental activities for purposes of applying the passive activity loss and credit limitation rules of section 469. A taxpayer's activities include those conducted through C corporations that are subject to section 469, S corporations, and partnerships.[14]

Citing substantial authority, the Tax Court concluded that § 469 did not need to specifically refer to S corporations because S corporations are merely pass-through entities, and its individual shareholders are the ultimate taxpayers.[15] We have explained:

> Generally the income of a corporation is taxed twice, once at the corporate level and again at the shareholder level when the money

---

[11] *Alfaro v. C.I.R.*, 349 F.3d 225, 227 (5th Cir. 2003).

[12] *Arevalo v. C.I.R.*, 469 F.3d 436, 438 (5th Cir. 2006) (issues of law reviewed de novo).

[13] I.R.C. § 469(a).

[14] Treas. Reg. § 1.469-4(a).

[15] *Williams*, 109 T.C.M. (CCH) 1398.

is distributed as dividends. A small business corporation, however, may avoid this onerous double taxation by electing to be an S corporation ("S-corp"). An S-corp, as a pass-through entity, does not have to pay income tax. I.R.C. § 1363(a). Instead, each shareholder must pay tax on his pro rata share of the corporate profits. *Id*. § 1366(a)(1).[16]

Thus, in a real sense an S corporation is not a taxpayer; rather, its shareholders are taxpayers. Because S corporations do not pay taxes directly, there was no need for § 469 to include S corporations in its list of potential "taxpayers." Likewise, Treasury Regulation section 1.469-4(a)'s referring to a "taxpayer's activities . . . conducted through . . . S corporations" does not conflict with § 469. It merely recognizes the pass-through nature of S corporations and does not state that an S corporation is itself a taxpayer.[17] In sum, we must conclude, as did the Tax Court, that Treasury Regulation section 1.469-4(a) is a valid regulation.

## B. BEK Real Estate's Relationship To BEK Medical Is Irrelevant.

Next, the Petitioners claim that the self-rental rule in Treasury Regulation § 1.469—2(f)(6) does not apply because the lessor S corporation, BEK Real Estate, did not materially participate in the trade or business of the lessee C corporation, BEK Medical. We agree with the Tax Court that there is no basis for the Petitioners' reading of the regulation. As noted above, Treasury Regulation § 1.469—2(f)(6) classifies rental income as nonpassive if the property "[i]s rented for use in a trade or business activity in which the taxpayer materially participates." As explained above, the S corporation, BEK Real Estate, is not the taxpayer for purposes of § 469 or the associated

---

[16] *Minton v. C.I.R.*, 562 F.3d 730, 731 (5th Cir. 2009) (some citations omitted).

[17] We note that partnerships also are not included in section 469's list of "taxpayers" but are listed in the same manner as S corporations in Treasury Regulation § 1.469—4(a). That makes perfect sense because partnerships, like S corporations, are pass-through entities.

regulation. Rather, BEK Real Estate is only a pass-through entity; the Petitioners are the taxpayers. Thus, the proper focus is not on BEK Real Estate, a non-taxpayer S corporation, but on the actual taxpayers, the Petitioners.

Under Treasury Regulation § 1.469—2(f)(6), it is undisputed that the property leased to BEK Medical was rented for BEK Medical's use in a trade or business activity, and it is likewise undisputed that the relevant taxpayer, Petitioner Larry Williams, materially participated in BEK Medical's business. Thus, the self-rental rule of Treasury Regulation § 1.469—2(f)(6) applies and operates to classify the rental income from that lease as nonpassive income, precisely as the IRS determined and the Tax Court concluded.

## IV. Conclusion

In conclusion, we AFFIRM the decision of the Tax Court essentially for the reasons set out therein.